UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLIS JOHNSON, | No. 2:21-cv-0828 KJN P |
| Plaintiff, | |
| v. | ORDER |
| GAVIN NEWSOM, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

The Civil Rights Act

To prevail on a claim under § 1983, a plaintiff must demonstrate: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury. Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011); Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991). A plaintiff must also show that the supervisor had the requisite state of mind to establish liability, which turns on the requirement of the particular claim -- and, more specifically, on the state of mind required by the particular claim -- not on a generally applicable concept of supervisory liability. Oregon State University Student Alliance v. Ray, 699 F.3d 1053, 1071 (9th Cir. 2012).

Plaintiff's Complaint

Liberally construed, plaintiff alleges that he is eligible for early release based on the Center for Disease Control's matrix for determining chronic health issues and a July 6, 2020 order issued in Plata v. Newsom, Case No. 4:01-cv-1351-JST (N.D. Cal.), and that CSP-Solano

3

was negligent when it transferred inmates into CSP-Solano without requiring a fourteen-day quarantine before placing the inmates in CSP-Solano's general population. Plaintiff seeks an order requiring defendants to "forthwith" release plaintiff from custody. (ECF No. 8 at 4.)

Discussion

Release from custody is not an available remedy for an Eighth Amendment violation. Preiser v. Rodriguez, 411 U.S. 475, 479 (1973) ("Release from custody is not an available remedy under the Civil Rights Act"). Rather, habeas is the "exclusive remedy" for inmates who seek "'immediate or speedier release'" from confinement. Skinner v. Switzer, 562 U.S. 521, 533-34 (2011) (quoting Wilkinson v. Dotson, 544 U.S. 74, 82 (2005)). Therefore, plaintiff's complaint must be dismissed so that plaintiff can identify appropriate relief.

Based on plaintiff's vague allegations, it is not clear whether plaintiff can state a cognizable Eighth Amendment claim. In the Eighth Amendment context, mere negligence is insufficient to state a civil rights claim. Indeed, plaintiff alleges that the CDCR developed a matrix to determine who was eligible for early release based on chronic health issues that place inmates at risk for COVID-19. Plaintiff contends the transfer of inmates violated an order in Plata, but plaintiff does not indicate when such transfer took place. While plaintiff refers to an order issued on July 6, 2020, the court did not issue an order to set aside isolation and quarantine space until July 22, 2020, the order provided various dates for compliance, and did not identify the 30 or more prisons to which the order applied. Plata, Case No. 4:01-cv-1351-JST (ECF No. 3401). In an abundance of caution, plaintiff is provided the following standards that govern Eighth Amendment conditions of confinement and medical claims.

Putative Standards

Conditions of Confinement

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981)) (quotation marks omitted). The Constitution does not mandate comfortable prisons. Rhodes, 452

4

U.S. at 348-49. While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737 (2002); Rhodes, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Morgan, 465 F.3d at 1045; Johnson v. Lewis, 217 F.3d at 731.

In Rhodes, the Supreme Court found that in order to state an Eighth Amendment claim, the conditions must "inflict[ ] unnecessary or wanton pain or is grossly disproportionate to the severity of crimes warranting imprisonment." Rhodes, 452 U.S. at 348-49. The Court cautioned against finding violations based upon "an aspiration toward an ideal environment for long-term confinement." Id.

Medical Care

In order to state a claim under the Eighth Amendment regarding medical care, plaintiff must allege and prove that he suffered a sufficiently serious deprivation (the objective prong of the claim) and that officials acted with deliberate indifference in allowing or causing the deprivation to occur (the subjective prong of the claim). Wilson v. Seiter, 501 U.S. 294, 298-99 (1991). Thus, when a prisoner's Eighth Amendment claim arises in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).

A viable Eighth Amendment medical claim states two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (*en banc*). A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994). If a prisoner establishes the existence of a serious medical need, he must then show that prison officials responded to it with deliberate indifference. Farmer, 511 U.S. at 834. In general, a prisoner may show deliberate indifference with evidence that officials denied, delayed, or intentionally interfered with medical treatment, or he may show it by the way in which prison officials actively provided medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.' " Id. at 1057 (quoting Farmer, 511 U.S. at 837). " 'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quotation omitted). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." Id. at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)). "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin, 662 F.2d at 1344 (internal citation omitted). To prevail, a plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in

conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

Leave to Amend

Because plaintiff seeks release from prison, and his allegations are vague and conclusory, the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See e.g., West, 487 U.S. at 48. Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff is encouraged to use the court's form complaint.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

§ 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

    3. Plaintiff's complaint is dismissed.

    4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

        a. The completed Notice of Amendment; and

        b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

    Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

    5. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights complaint by a prisoner.

Dated: June 25, 2021

*(signature)*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/cw/john0828.14n

8

|  |  |
|---|---|
| ELLIS JOHNSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GAVIN NEWSOM, et al.,<br><br>　　　　　Defendants. | No. 2:21-cv-0828 KJN P<br><br>NOTICE OF AMENDMENT |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

　　　Plaintiff hereby submits the following document in compliance with the court's order filed_____.

DATED: _____　　　　　　　　Amended Complaint

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Plaintiff