1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ELLIS JOHNSON,                              No. 2:21-cv-0828 KJN P

12              Plaintiff,

13        v.                                     ORDER

14   KATHLEEN ALLISON, et al.,

15              Defendants.

16

17        Plaintiff is a state prisoner, proceeding without counsel, in an action brought under 42

18   U.S.C. § 1983.  Plaintiff's amended complaint is now before the court.

19   Plaintiff's Allegations

20        Plaintiff claims his right to be free from cruel and unusual punishment under the Eighth

21   Amendment was violated by defendants' failure to protect plaintiff from COVID-19.  Plaintiff

22   alleges he is medically high risk, based on lichen simplex chronicus, hypertension,

23   gastroesophageal reflux, and chronic obstructive pulmonary disease, and he is over the age of 50.

24   He alleges he is not being adequately protected from COVID-19 due to inadequate sanitation,

25   inadequate isolation from symptomatic people, inadequate quarantine of exposed people,

26   inadequate exclusion of symptomatic or exposed staff, and inadequate testing and reporting.

27   Plaintiff claims he was ordered to move to building 9 (in cell living) due to his high risk status,

28   yet contracted Covid-19 a few days later; another high risk inmate died as a result of moving into

1    that same building.  Plaintiff alleges that defendant Largoza responded, "no intervention," and

2    that inmates with a COVID-19 risk score of 4 or higher would undergo additional custodial

3    screening to determine whether eligible for expedited release.  Plaintiff claims he has a rating of

4    7, yet has not been notified of possible release.  Plaintiff claims that defendant Gates also

5    responded "no intervention."[1]  (ECF No. 18 at 4.)  Plaintiff added:  "No intervention by the

6    Health Care Receiver Clark Kelso."  (ECF No. 18 at 4.)

7         Plaintiff contends that his continued confinement poses a dire health risk and an

8    unreasonable risk of continuous pain and harm, and seeks declaratory relief and money damages.

9    Discussion

10        The court reviewed plaintiff's amended complaint and, for the limited purposes of

11   § 1915A screening, finds that it states a potentially cognizable Eighth Amendment claim against

12   defendants Dr. N. Largoza and Dr. S. Gates.  See 28 U.S.C. § 1915A.

13        For the reasons stated below, the court finds that the amended complaint does not state a

14   cognizable claim against the remaining defendants.  The claims against those defendants are

15   hereby dismissed with leave to amend.

16        No Charging Allegations

17        Plaintiff included no charging allegations as to defendant Allison.  Thus, she is entitled to

18   dismissal.

19        Improper Defendant

20        Plaintiff's allegation as to defendant Kelso is vague and conclusory.  Moreover, J. Clark

21   Kelso, Federal Receiver, is not a proper defendant.  Mr. Kelso, in his role as a federal receiver, is

22   entitled to quasi-judicial immunity.  Quasi-judicial immunity is derived from the long-recognized

23   common law doctrine of judicial immunity.  In re Castillo, 297 F.3d 940, 947 (9th Cir. 2002).

24   Partly to promote the use of the appellate process, acts performed by judges that relate to the

25   judicial process are immune from attack.  Id.  Quasi-judicial immunity is immunity that extends

26   to nonjudicial officers for "claims relating to the exercise of judicial functions."  Id. (quoting

27

28   ───────────────
     [1]  Plaintiff refers to an Exhibit A, but no exhibit was provided with his amended complaint.  (ECF
     No. 18, *passim*.)

                                               2

1  Burns v. Reed, 500 U.S. 478, 499 (1991)).  In other words, quasi-judicial immunity protects

2  nonjudicial officers because their decisions are "functionally comparable" to those of a judge

3  involving the exercise of discretion.  Antoine v. Byers & Anderson, 508 U.S. 429, 436 (1993).

4  　　　　Kelso was appointed to be the receiver for CDCR's health care system.  See Plata v.

5  Schwarzenegger, et al., C01-1351-TEH (N.D. Cal. Jan. 23, 2008) (class action constitutional

6  challenge to the adequacy of medical care provided throughout the California state prison

7  system).  Upon Kelso's appointment as receiver in 2008, the district court stated that "[t]he

8  Receivership must continue to maintain its independence as an arm of the federal courts

9  established to take over state operations. . . ." Id. at 5.  The district court ordered that "[a]ll

10 powers, privileges, and responsibilities of the Receiver, as set forth in the Court's February 14,

11 2006 Order Appointing Receiver, shall continue in full effect, except as modified by subsequent

12 orders. . . ." Id.  In the February 14, 2006 Order Appointing Receiver, the district court ordered

13 that "[t]he Receiver and his staff shall have the status of officers and agents of this Court, and as

14 such shall be vested with the same immunities as vest with this Court." Id. at 6.  Those judicial

15 immunities extend to immunity from suit.  See Pierson v. Ray, 386 U.S. 547, 553-54 (1967)

16 ("Few doctrines were more solidly established at common law than the immunity of judges from

17 liability for damages for acts committed within their judicial jurisdiction . . . ."); see also Coleman

18 v. Schwarzenegger, 2007 WL 4276554 (E.D. Cal. Nov. 29, 2007) (holding that a receiver who

19 was "imbued with the power and authority to act in the name of the Court as the Court's officer"

20 had judicial immunity).  "[J]udicial immunity is not overcome by allegations of bad faith or

21 malice, the existence of which ordinarily cannot be resolved without engaging in discovery and

22 eventual trial." Mireles v. Waco, 502 U.S. 9, 11 (1991).  There are two primary exceptions to the

23 absolute judicial immunity:  first, where the judge's action is "not taken in the judge's judicial

24 capacity"; and second, where the judge's action, "though judicial in nature, is taken in the

25 complete absence of all jurisdiction." Id. at 11-12.

26 　　　　Even if plaintiff were granted leave to amend his complaint so as to allege that Kelso

27 was aware of plaintiff's medical needs and failed to act upon that knowledge, it appears those

28 allegations would similarly entitle Kelso to absolute quasi-judicial immunity because plaintiff

1  would again be alleging that Kelso failed to act within his official capacity as receiver of the

2  health care system.

3      Thus, because Kelso is entitled to quasi-judicial immunity, plaintiff should not name J.

4  Clark Kelso as a defendant in any second amended complaint unless plaintiff can plead specific

5  facts demonstrating that Kelso is not entitled to quasi-judicial immunity.

6  Plaintiff's Options

7      Plaintiff may proceed forthwith to serve defendants Largoza and Gates and pursue his

8  claims against only those defendants, or he may delay serving any defendant and attempt again to

9  state a cognizable claim against defendant Allison and Kelso.

10      If plaintiff elects to attempt to amend his complaint to state a cognizable claim against

11  defendants Allison and Kelso, he has thirty days so to do.  He is not obligated to amend his

12  complaint.

13      If plaintiff elects to proceed forthwith against defendants Largoza and Gates, against

14  whom he stated a potentially cognizable claim for relief, then within thirty days he must return

15  the appended notice of election form enclosed herewith.  In this event the court will construe

16  plaintiff's election as consent to dismissal of all claims against defendants Allison and Kelso

17  without prejudice.

18      Any second amended complaint must show the federal court has jurisdiction, the action is

19  brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It

20  must contain a request for particular relief.  Plaintiff must identify as a defendant only persons

21  who personally participated in a substantial way in depriving plaintiff of a federal constitutional

22  right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the

23  deprivation of a constitutional right if he does an act, participates in another's act or omits to

24  perform an act he is legally required to do that causes the alleged deprivation).

25      A district court must construe a pro se pleading "liberally" to determine if it states a claim

26  and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an

27  opportunity to cure them.  See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  While

28  detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of

1   action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 556 U.S.

2   662, 678 (2009) (<u>citing</u> <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).  Plaintiff

3   must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is

4   plausible on its face.'"  <u>Ashcroft</u>, 556 U.S. at 678 (<u>quoting</u> <u>Bell Atlantic Corp.</u>, 550 U.S. at 570).

5   
6   
7   
8   
9   
> A claim has facial plausibility when the plaintiff pleads factual
> content that allows the court to draw the reasonable inference that
> the defendant is liable for the misconduct alleged. The plausibility
> standard is not akin to a "probability requirement," but it asks for
> more than a sheer possibility that a defendant has acted unlawfully.
> Where a complaint pleads facts that are merely consistent with a
> defendant's liability, it stops short of the line between possibility
> and plausibility of entitlement to relief.

10   <u>Ashcroft</u>, 566 U.S. at 678 (citations and quotation marks omitted).  Although legal conclusions

11   can provide the framework of a complaint, they must be supported by factual allegations, and are

12   not entitled to the assumption of truth.  <u>Id.</u>

13          Any second amended complaint must be complete in itself without reference to any prior

14   pleading.  Local Rule 15-220; <u>see</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff

15   files an amended complaint, the original or prior pleading is superseded.

16          Accordingly, IT IS HEREBY ORDERED that:

17          1.  Claims against defendants Allison and Kelso are dismissed with leave to amend.

18   Within thirty days of service of this order, plaintiff may amend his complaint to attempt to state

19   cognizable claims against defendants Allison and Kelso.  Plaintiff is not obliged to amend his

20   complaint.

21          2.  The allegations in the pleading are sufficient at least to state potentially cognizable

22   claims against defendants Largoza and Gates.  <u>See</u> 28 U.S.C. § 1915A.  Within thirty days of

23   service of this order plaintiff shall return the attached Notice of Election form.  If plaintiff

24   chooses to proceed forthwith as to defendants Largoza and Gates, the court will order service

25   under the Court's E-Service pilot program for civil rights cases for the Eastern District of

26   California.  Defendants Largoza and Gates will be required to respond to plaintiff's allegations

27   within the deadlines stated in Fed. R. Civ. P. 12(a)(1).  In this event, the court will construe

28   ////

1    plaintiff's election to proceed forthwith as consent to an order dismissing his defective claims

2    against defendants Allison and Kelso without prejudice.

3          3.  Failure to comply with this order will result in a recommendation that this action be

4    dismissed.

5    Dated:  October 6, 2021

6

7    KENDALL J. NEWMAN
     UNITED STATES MAGISTRATE JUDGE

8

9    /john0828.14amd.opt

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ELLIS JOHNSON,                              No. 2:21-cv-0828 KJN P

12                 Plaintiff,

13         v.                                    NOTICE OF ELECTION

14   KATHLEEN ALLISON, et al.,

15                 Defendants.

16

17
           In compliance with the court's order filed October ____, 2021, plaintiff elects to proceed
18
     as follows:
19
     _____       Plaintiff elects to proceed solely as to claim one against defendant Largoza and
20
     Gates.
21
     _____       Plaintiff consents to the dismissal of defendants Allison and Kelso without
22               prejudice.
23       **OR**

24   _____       Plaintiff opts to file a second amended complaint and delay service of process.

25   DATED:

26                                       _____
                                         Plaintiff
27

28