UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLIS JOHNSON, | No.  2:21-cv-0828 KJM KJN P |
| Plaintiff, | |
| v. | ORDER |
| KATHLEEN ALLISON, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 6, 2022, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days.  Plaintiff filed objections to the findings and recommendations; defendants filed a reply.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case.  Having reviewed the file, the court finds plaintiff should be granted an opportunity to file a second amended complaint.

/////

/////

1

1    As set out in the findings and recommendations,

> Plaintiff alleges the following: His Eighth Amendment right to be free from cruel and unusual punishment was violated by defendants' failure to protect plaintiff from COVID-19. Plaintiff is medically high risk, based on lichen simplex chronicus, hypertension, gastroesophageal reflux, and chronic obstructive pulmonary disease, and he is over the age of 50. He alleges he is not being adequately protected from COVID-19 due to inadequate sanitation, inadequate isolation from symptomatic people, inadequate quarantine of exposed people, inadequate exclusion of symptomatic or exposed staff, and inadequate testing and reporting. Plaintiff was ordered to move to building 9 (in cell living) due to his high risk status, yet contracted COVID-19 a few days later; another high risk inmate died as a result of moving into that same building. In response to plaintiff's administrative appeal seeking early release from incarceration, defendant Dr. Largoza responded "no intervention," adding that inmates with a COVID-19 risk score of 4 or higher would undergo additional custodial screening to determine whether eligible for expedited release. Despite having a rating of 7, plaintiff has not yet been notified of possible release. He claims that defendant Gates also responded "no intervention." [Footnote omitted.] (ECF No. 18 at 4.)

ECF No. 38 at 2.

The two defendants against whom this action is currently proceeding, Dr. Largoza and Chief of Health Care Services Gates seek dismissal on a number of grounds. *See id*. at 5-7. The magistrate judge recommends the motion to dismiss be granted on the merits and without leave to amend the complaint. *Id*. at 13-15. In particular, the magistrate judge construes the basis for plaintiff's claim against these two defendants as arising from their roles in reviewing plaintiff's administrative grievance, which he interprets as "not seeking medical treatment . . . [but r]ather . . . seeking early release from prison based on the risk that he would suffer serious illness if infected with COVID-19." *Id*. at 14. In part relevant to the question of whether plaintiff should be allowed to file a second amended complaint, the findings and recommendations set out the following contentions in plaintiff's opposition to the motion to dismiss:

> In his opposition, plaintiff now contends that he was housed with inmates who had confirmed cases of COVID-19, rather than being housed with inmates only suspected of having been exposed to COVID-19, in violation of the guidelines established by the Center for Disease Control and Prevention. He claims unidentified CDCR medical officials demonstrated deliberate indifference to plaintiff's health and safety by subjecting him to such conditions and failing to take reasonable steps to abate them. But plaintiff fails to attribute such housing decisions to either defendant charged with reviewing

2

>   his grievance. Indeed, in his grievance, plaintiff did not allege issues with his specific housing; rather, he generally complained about inadequate sanitation, watered-down disinfectant, no hand washing facilities, inadequate isolation and quarantine of symptomatic and exposed people, inadequate exclusion of symptomatic or exposed staff, and inadequate testing and reporting. (ECF No. 1 at 8.) Most of such issues, while related to public health matters, concern custody staff and unidentified prison staff responsible for making housing decisions, and would not fall under the purview of medical professionals tasked with reviewing health care appeals.

*Id*. at 15.

In his objections, plaintiff contends he should be given an opportunity to amend his complaint to state claims against defendants responsible for subjecting plaintiff to unsafe conditions of confinement in light of his medical conditions, age, and the increased risks posed by COVID-19.  The court agrees.

The court should only deny leave to amend when it "is satisfied that the deficiencies in the complaint could not possibly be cured by amendment." *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).  The court is persuaded by the analysis in *Maney v. Brown*, 2020 WL 7364977 (D.Or. Dec. 15, 2020), set out in findings and recommendations in *Jones v. Sherman*, 2022 WL 783452 (E.D.Cal. Mar. 11, 2022), adopted in full by the district court on September 14, 2022, as follows:

>   Existing precedent clearly establishes the right of an individual in custody to protection from heightened exposure to a serious communicable disease. *See, e.g.*, *Helling v. McKinney*, 509 U.S. 25, 33, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993) (finding prison officials may not "be deliberately indifferent to the exposure of inmates to a serious, communicable disease" under the Eighth Amendment); *see also Hutto v. Finney*, 437 U.S. 678, 682-83, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978) (affirming a finding of an Eighth Amendment violation where a facility housed individuals in crowded cells with others suffering from infectious diseases, such as Hepatitis and venereal disease, and the individuals' "mattresses were removed and jumbled together each morning, then returned to the cells at random in the evening"); *Andrews v. Cervantes*, 493 F.3d 1047, 1050 (9th Cir. 2007) (recognizing a cause of action under the Eighth Amendment and 42 U.S.C. § 1983 for an alleged policy of not screening inmates for infectious diseases—HIV, Hepatitis C, and Heliobacter pylori—and for housing contagious and healthy individuals together during a known "epidemic of hepatits C""); *Trevizo v. Webster*, No. CV 17-5868-MWF (KS), 2018 U.S.Dist. LEXIS 227476, 2018 WL 5917858, at 4 (C.D. Cal. Sept. 6, 2018) ("It is well accepted that such 'substantial risks of harm' include

'exposure of inmates to a serious, communicable disease[,]'" including MRSA) (citing *Helling*, 509 U.S. at 33, 113 S.Ct. 2475); *see also Loftin v. Dalessandri*, 3 F.App'x 658, 663 (10th Cir. 2001) (recognizing an Eighth Amendment claim for knowingly housing the defendant in a cell with individuals who had tested positive for tuberculosis); cf. *Farmer v. Brennan*, 511 U.S. 825, 843, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) ("The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial 'risk of serious damage to his future health[.]'" (citing *Helling*, 509 U.S. at 35, 113 S.Ct. 2475))). "For purposes of qualified immunity, that legal duty need not be litigated and then established disease by disease or injury by injury." *Estate of Clark v. Walker*, 865 F.3d 544, 553 (7th Cir. 2017).

Thus, the law is clearly established that individuals in government custody have a constitutional right to be protected against a heightened exposure to serious, easily communicable diseases, and the Court finds that this clearly established right extends to protection from COVID-19. It is undisputed that COVID-19 is easily communicable. (See Defs.' Mot. Partial Summ. J. at 3; SAC ¶ 45.) In addition, based on the known mortality rate, hospitalizations, and medical consequences, there can be no dispute that COVID-19 exposes AICs to a sufficiently substantial risk of serious harm. (See Defs.' Reply at 7; Stern Decl. ¶¶ 9-10.) The law does not support a finding of qualified immunity for government officials who fail to protect individuals in their custody from a new serious communicable disease, as opposed to a serious communicable disease of which they were previously aware. To hold otherwise as a matter of law would provide qualified immunity to Defendants even if they had done nothing in response to the COVID-19 pandemic.

... Defendants also argue that *Hines v. Yousseff* forecloses a finding of a clearly established right. 914 F.3d 1218 (9th Cir.), *cert. denied sub nom. Smith v. Schwarzenegger*, ___ U.S. ___, 140 S.Ct. 159, 205 L.Ed.2d 46 (2019). The Court disagrees.

...

The Ninth Circuit's decision in *Hines v. Youseff* does not require a different result. In *Hines*, the Ninth Circuit found that individuals in custody had no clearly established right to be free from heightened exposure to Valley Fever spores, 914 F.3d at 1228. Notably, the court found that "[s]ince the prisoners are confined together, it is especially important that Valley Fever is not contagious." *Id*. at 1226. The court noted that "no societal consensus has emerged that the risk [of contracting Valley Fever] is intolerably grave," such that a reasonable officer would not necessarily know that housing individuals together in a region known for Valley Fever violated the Constitution. *Id*. at 1232. In contrast here, COVID-19 is highly contagious, is not bound to a geographic area, and a societal consensus has emerged regarding its danger. There is no dispute that this virus presents a sufficiently substantial risk of harm to AICs, and it should have come as no surprise to Defendants that they have a duty to protect AICs from exposure to COVID-19.

> *Maney*, 2020 WL 7364977, at 4-6 (alterations in original) (footnote omitted).

*Jones v. Sherman*, 2022 WL 4238875 (E.D.Cal. Sept. 14, 2022). The court also agrees with the *Jones* court on when a prison inmate states an Eighth Amendment claim in this context:

> Based on the foregoing, the Court finds that a prisoner states a cognizable Eighth Amendment conditions of confinement claim if the prisoner can sufficiently allege that a defendant knew of the risks of COVID-19 and had authority to mitigate the risks, yet did nothing to mitigate those risks. The Court also finds that the law is clearly established that individuals in government custody have a constitutional right to be protected against a heightened exposure to serious, easily communicable diseases, and that this this clearly established right extends to protection from COVID-19.

*Jones*, slip op. at *10. Application of the foregoing compels the conclusion that plaintiff must be given an additional opportunity to amend his complaint. Plaintiff makes sufficient assertions in the record to conclude that he may be able to allege cognizable claims against one or more defendants under the foregoing standards.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed May 6, 2022, are adopted only to the extent consistent with this order;

2. Defendants' motion to dismiss (ECF No. 32) is partially granted;

3. Plaintiff's first amended complaint is dismissed with leave to file a second amended complaint within thirty days from the date of this order; and

4. This matter is referred back to the assigned magistrate judge for further proceedings consistent with this order.

DATED: January 17, 2023.

CHIEF UNITED STATES DISTRICT JUDGE