UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLIS JOHNSON, | No. 2:21-cv-0828 KJM KJN P |
| Plaintiff, | |
| v. | ORDER |
| KATHLEEN ALLISON, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and is proceeding in forma pauperis. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. Plaintiff's second amended complaint is before the court.

As set forth below, plaintiff's pleading is dismissed with leave to amend.

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

////

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act

To prevail on a claim under § 1983, a plaintiff must demonstrate: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be

established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury. Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

Background

Plaintiff's first amended complaint sought release from prison based on inadequate conditions of confinement and named two defendants whose roles were limited to reviewing plaintiff's administrative grievances. Such claims were dismissed, but plaintiff was granted leave to amend to state claims against individuals responsible for subjecting plaintiff to unsafe conditions of confinement in light of his medical conditions, age, and the increased risks posed by COVID-19. (ECF No. 41 at 3.) The district court noted that the law is clearly established that prisoners have a constitutional right to be protected against a heightened exposure to serious, easily communicable diseases such as COVID-19, which is highly contagious. (ECF No. 41 at 4.) The district court confirmed that a prisoner states an Eighth Amendment conditions of confinement claim "if the prisoner can sufficiently allege that a defendant knew of the risks of COVID-19 and had authority to mitigate the risks yet did nothing to mitigate those risks." (ECF No. 41 at 5.)

Plaintiff's Second Amended Complaint

Plaintiff now alleges that defendant Dr. Martin Kuersten, Chief Medical Executive, testified in state court that his "primary duties are oversight of the medical, health care institution and supervisor – supervision of line-staff, physicians," and confirmed that he helped design COVID-19 mitigation efforts at California State Prison, Solano ("CSP-SOL"). (ECF No. 44 at 3.) Dr. Kuersten testified that "an inmate would only be placed in isolation if they are confirmed positive with the COVID test. By summer 2021 that resistance to the quarantine for close contacts became optional." (ECF No. 44 at 3, 5.) Dr. Kuersten also testified that in 2021,

> when we had further outbreaks they were actually more concentrated in "A" and "B" facilities which are called housing. But they also contained much larger percentages of unvaccinated individuals because at that time it was the younger and healthier population that declined to get vaccinated.

////

(ECF No. 41 at 4.) Plaintiff claims that Dr. Kuersten is a member of the incident command post that met to implement COVID-19 protocols at CSP-SOL. (Id.)

Plaintiff alleges that on or about December 2020, he was ordered by medical to be removed from C facility housing because plaintiff is medically high risk and over age 50. At that time, plaintiff had tested negative for COVID. Plaintiff could not refuse to comply, or he would be issued a rules violation report and escorted in restraints to enforce the transfer order. Plaintiff complied and he was transferred to B facility housing. Plaintiff was tested daily until January 4, 2021, when his COVID-19 test result was positive. Plaintiff was immediately transferred out of isolation to B facility gym with other positive inmates. (ECF No. 44 at 4.)

Plaintiff alleges that he was moved out of safe housing (Facility C) to Facility B that was having further outbreaks, and this was known to Dr. Kuersten and his medical subordinates under his supervision. Plaintiff argues that COVID-19 guidelines were already established but were not followed in plaintiff's case. Instead, medical staff designated to implement COVID-19 mitigation policies at CSP-SOL failed to protect plaintiff from the imminent threat of harm. As a result, plaintiff suffers complications related to COVID-19.

Plaintiff seeks declaratory and unidentified extraordinary relief, as well as punitive damages. Plaintiff names Dr. Kuersten as the sole defendant.

Discussion

Plaintiff contends that Dr. Kuersten testified as to his role in setting policy concerning COVID-19 precautions at CSP-SOL, but such testimony is based on Dr. Kuersten's supervisorial role as Chief Medical Executive. As noted above, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. Ashcroft, 556 U.S. at 679. In any event, designing COVID-19 mitigation efforts and meeting to implement COVID-19 protocols at CSP-SOL, standing alone, do not demonstrate an Eighth Amendment violation.

Further, plaintiff includes no specific allegations that demonstrate Dr. Kuersten was aware that medical staff at CSP-SOL violated policy and moved plaintiff from Facility C to Facility B. Even assuming Dr. Kuersten knew that Facility B was having increased outbreaks of COVID-19,

such knowledge fails to demonstrate Dr. Kuersten was personally involved in ordering plaintiff's transfer or even aware of such transfer.  Plaintiff named no other members of the medical staff who ordered plaintiff to transfer.

In addition, plaintiff does not identify when or in what court case Dr. Kuersten testified.  Dr. Kuersten qualified his testimony as to the concentrated outbreaks by testifying "<u>when</u> we had further outbreaks they were actually more concentrated in 'A' and 'B' facilities." (ECF No. 44 at 4, emphasis added.)  But Dr. Kuersten did not specifically identify when in 2021 such concentrated outbreaks took place, and thus it is unclear whether such concentrated outbreaks took place at the time of plaintiff's transfer.  Dr. Kuersten's testimony does not make clear when he became aware of such increased outbreaks.

While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft</u>, 556 U.S. at 678 (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft</u>, 556 U.S. at 678 (quoting <u>Bell Atlantic Corp.</u>, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

<u>Ashcroft</u>, 556 U.S. at 678 (citations and quotation marks omitted).  Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth.  <u>Id.</u> at 1950.

The court finds the allegations in plaintiff's second amended complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The court has determined that the second amended complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the

claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the second amended complaint must be dismissed. The court will, however, grant leave to file a third amended complaint.

If plaintiff chooses to file a third amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the third amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d at 743. Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

The third amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files a third amended complaint, the original or prior pleading is superseded.

Finally, plaintiff is not required to provide exhibits with his third amended complaint. However, plaintiff may request that the court append his prior exhibits (ECF No. 44 at 10-49) to his third amended complaint.

Previously Named Individuals

Once filed, the undersigned intends to sua sponte screen plaintiff's third amended complaint. As noted above, plaintiff did not include Gates and Largoza as defendants in the second amended complaint. It is not clear that plaintiff can amend to allege facts against either of these individuals based on plaintiff's prior description of their roles in reviewing administrative

////

6

grievances.  Nevertheless, at this time, Gates and Largoza are relieved of any obligation to respond to plaintiff's third amended complaint pending further order of court.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's second amended complaint is dismissed;

2. Plaintiff is granted thirty days from the date of service of this order to file a third amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the third amended complaint must bear the docket number assigned this case and must be labeled "Third Amended Complaint"; plaintiff must file an original and two copies of the third amended complaint.

Failure to file a third amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

3. Previously named individuals Gates and Largoza are relieved of any obligation to respond to plaintiff's third amended complaint pending further order of court.

Dated:  July 25, 2023

/john0828.14amd2

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

7