UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLIS JOHNSON, | No.  2:21-cv-0828 KJM KJN P |
| Plaintiff, | |
| v. | ORDER |
| KATHLEEN ALLISON, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, in an action brought under 42 U.S.C. § 1983.  Plaintiff's third amended complaint is before the court.

The court reviewed plaintiff's pleading and, for the limited purposes of § 1915A screening, finds that it states a potentially cognizable Eighth Amendment claim against defendant Kuersten.  See 28 U.S.C. § 1915A.

For the reasons stated below, the court finds that the third amended complaint does not state a cognizable claim against the remaining defendants.  The claims against those defendants are dismissed with leave to amend.

In his pleading, plaintiff named the California Department of Corrections and Rehabilitation ("CDCR") as one of the defendants.  The Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit.  See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh,

1

1  438 U.S. 781 (1978)( per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982).
2  In the instant case, the State of California has not consented to suit.  Thus, plaintiff's claims
3  against the CDCR are legally frivolous and must be dismissed without leave to amend.  Plaintiff
4  should not include the CDCR as a defendant in any subsequent pleading.
5      Plaintiff also named the Director of Medical Services as a defendant.  However, plaintiff
6  included no charging allegations as to such defendant.  Moreover, plaintiff did not include the
7  director's name, which is required for service of process.
8      Finally, plaintiff named Does 1 - 10 as defendants.  Plaintiff's use of Doe defendants is
9  problematic, see Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980), and ultimately
10 unnecessary.  Rule 15 of the Federal Rules of Civil Procedure, not state law "Doe" pleading
11 practices, governs whether new defendants may be added and if so, whether the claims against
12 them would relate back to the filing of the initial complaint.  Should plaintiff learn the identities
13 of the "Doe" parties he wishes to serve, he must promptly move pursuant to Rule 15 to file an
14 amended pleading to add them as defendants.  See Brass v. County of Los Angeles, 328 F.3d
15 1192, 1197-98 (9th Cir. 2003).  If the timing of his fourth amended complaint raises questions as
16 to the statute of limitations, plaintiff must satisfy the requirements of Rule 15(c), which is the
17 controlling procedure for adding defendants whose identities were discovered after
18 commencement of the action.  Additionally, unknown persons cannot be served with process until
19 they are identified by their real names.  The court will not investigate the names and identities of
20 unnamed defendants.

21 Plaintiff's Options

22     Plaintiff may proceed forthwith to serve defendant Kuersten and pursue claims against
23 only defendant Kuersten or plaintiff may delay serving any defendant and attempt again to state a
24 cognizable claim against other defendants.
25     If plaintiff elects to attempt to amend his pleading to state a cognizable claim against other
26 named defendants, he has thirty days so to do.  He is not obligated to amend his pleading.
27     If plaintiff elects to proceed forthwith against defendant Kuersten, against whom plaintiff
28 stated a potentially cognizable claim for relief, then within thirty days plaintiff must so elect on

the appended form. In this event the court will construe plaintiff's election as consent to dismissal of the defendants CDCR and the Director of Medical Services without prejudice.

Plaintiff is advised that any fourth amended complaint must clearly identify each defendant and the action that defendant took that violated constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. The charging allegations must be included in the fourth amended complaint so defendants have fair notice of the claims plaintiff is presenting.

Any fourth amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in the complaint and give plaintiff an opportunity to cure them. See Lopez, 203 F.3d at 1130-31. While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted). Although legal conclusions

3

...

...

can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth.  Id. at 1950.

A fourth amended complaint must be complete in itself without reference to any prior pleading.  Local Rule 220; See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files a fourth amended complaint, the original pleading and subsequent amended pleadings are superseded.  Therefore, plaintiff should include all specific facts as to each defendant in any fourth amended complaint.

Accordingly, IT IS HEREBY ORDERED that:

1. Claims against defendants CDCR and Director of Medical Services are dismissed with leave to amend.  Within thirty days of service of this order, plaintiff may amend his pleading to attempt to state cognizable claims against defendant Director of Medical Services.  Plaintiff is not obliged to amend his complaint.

2. The allegations in the pleading are sufficient at least to state potentially cognizable Eighth Amendment claims against defendant Kuersten.  See 28 U.S.C. § 1915A.  If plaintiff chooses to proceed solely as to such Eighth Amendment claims, plaintiff shall so indicate on the attached form and return it to the court within thirty days from the date of this order.  In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing the defendants CDCR and the Director of Medical Services.

3. Failure to comply with this order will result in a recommendation that defendant CDCR be dismissed with prejudice and the Director of Medical Services be dismissed without prejudice, and this action will proceed solely on plaintiff's Eighth Amendment claims against defendant Kuersten.

Dated:  December 12, 2023

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/john0828.14o

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLIS JOHNSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KATHLEEN ALLISON, et al.,<br><br>　　　　　Defendants. | No. 2:21-cv-0828 KJM KJN P<br><br>NOTICE OF ELECTION |

　　　　Plaintiff elects to proceed as follows:

　　_____　Plaintiff opts to proceed with Eighth Amendment claims against defendant Kuersten and consents to dismissal of defendants CDCR and Director of Medical Services.

　　　**OR**

　　_____　Plaintiff opts to file a fourth amended complaint and delay service of process.

DATED:

　　　　　　　　　　_____
　　　　　　　　　　　　　　　　Plaintiff